# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MARIA CARMINA R. ARRASTIA, *et al.*,

    Plaintiffs,

v.

WESTERN PROGRESSIVE, LLC,

    Defendant.

Case No. 2:12-cv-00321-LDG (RJJ)

**ORDER**

    The plaintiffs, Maria Carmina R. Arrastia and Roberto Poblete, filed the instant complaint in state court alleging: (1) deceptive trade practices pursuant to N.R.S. 598, *et. seq.,* and (2) violation of N.R.S. 107. (Doc. # 1, Ex. A). The plaintiffs seek declaratory and injunctive relief, as well as attorneys' fees. (Doc. # 1, Ex. A). The defendant, Western Progressive, removed the complaint to this court and now moves to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. # 6).  The plaintiffs oppose the motion to dismiss (#10) and move to remand (#9).  Western Progressive opposes the remand (#13).  Having considered the pleadings and papers, the Court concludes that the complaint was properly removed and should be dismissed.

Motion to Remand

In their motion to remand, the plaintiffs assert that remand to the state court is appropriate because: (1) the parties should be realigned such that Western Progressive is the plaintiff for purposes of removal, and (2) the $75,000 amount in controversy jurisdictional requirement has not been met. The Court will deny the motion as the former argument is frivolous, and the latter is without merit.

The plaintiffs' first argument is premised on 28 U.S.C. § 1441(a), pursuant to which only the defendant or the defendants may remove a case from state court to federal court. The plaintiffs argue that, although they named only Western Progressive as a defendant in this suit, the court should now realign Western Progressive from being a defendant to being a plaintiff (but only for purposes of deciding whether removal was appropriate). Such realignment, the plaintiffs suggest, would preclude Western Progressive from removing this matter as they would no longer be a defendant with a right to remove the case from state to federal court.

The cases cited by plaintiffs reveal that their argument is frivolous. Both United States Supreme Court cases cited by plaintiffs--*Chicago, R.I. & P.R. Co. v. Stude,* 346 U.S. 574 (1954) and *Mason City & Ft. D.R. Co. v. Boynton,* 204 U.S. 570 (1907)–are inapposite. The most that can be drawn from either decision is that, in Iowa condemnation proceedings, "the words 'plaintiff' and 'defendant' can be used only in an uncommon and liberal sense. The plaintiff complains of nothing. The defendant denies no past or threatened wrong." *Mason City*, 204 U.S. at 323. The most cursory review of plaintiffs' complaint establishes that they, not Western Progressive, brought this action, seeking remedial relief for an injury they allege was caused by Western Progressive's wrongful conduct.

The plaintiffs suggest that this matter is closely analogous to several Southern District of New York decisions addressing removal actions brought in New York to stay

arbitration proceedings commenced in New York.  The argument, and the citation to the district court decisions is, at best, puzzling.  The plaintiffs primarily rely on *International Tin Council v. Amalgamet, Inc.,* 645 F.Supp. 879 (S.D.N.Y. 1986), which they suggest in their citation was "superceded by statute."  The more accurate notation in the citation, however, would reflect that the Second Circuit expressly recognized the reasoning of *International Tin Council* was flawed and "based on a misreading" of *Mason City*.  *Oppenheimer & Co., Inc. v. Neidhardt*, 56 F.3d 352, 356 (2nd Cir. 1995).  The plaintiffs also cite *Victorias Milling Co. v. Hugo Neu Corp.*, 196 F.Supp. 64 (S.D.N.Y.1961).  As summarized by the Second Circuit in *Oppenheimer,* the decision in *Victorias Milling* "held that for purposes of removal of arbitration questions, the plaintiff is the party who first invokes the aid of a court."  56 F.3d at 356.[1]  Thus, even accepting the plaintiffs' suggestion that, for purposes of deciding removal, this matter is analogous to the attempted removal of actions brought in New York to stay arbitration, the instruction of the Second Circuit would require finding that the plaintiffs, as the party first invoking the aid of a court, are the plaintiffs.  Conversely, Western Progressive, as the party hailed involuntarily into court, is the defendant.

In their reply, the plaintiffs recognize, as "incongruous," Western Progressive's "proposition" that, if Western Progressive is the "plaintiff" as plaintiffs argue in their motion, then Western Progressive could, as the "plaintiff," unilaterally move to dismiss its "own" complaint (as would be permitted under Nevada's Civil Procedure Rule 41) when this

---

[1] The manner in which plaintiffs rely on the decisions of the Southern District of New York further exemplifies the frivolous nature of their argument that Western Progressive is the "plaintiff." The plaintiffs cited to and argued *International Tin Council* without acknowledging, to this Court, that the Second Circuit long ago expressly found the reasoning of that decision to be flawed.  The plaintiffs further cited to *Victorias Milling*, in a string citation, as indicating that the courts held that the party initiating non-judicial proceedings is deemed plaintiff.  However, as expressly pointed out by the Second Circuit, the holding in *Victorias Milling* was that the party first invoking the aid of the court was deemed the plaintiff.  The Court cannot condone plaintiffs' representations to this Court when the current posture of *International Tin Council* and the holding of *Victorias Milling* is directly contrary to the plaintiffs' assertions.

3

matter is remanded to state court. The plaintiffs' recognition best demonstrates that their motion is frivolous. The plaintiffs rebut the "incongruous proposition" by pointing out that, in *Rock Island,* the designation of "defendant" is only for purposes of determining removal. Absent from the plaintiffs' argument is the material factor that in both *Rock Island* and *Mason City* the state's procedural provisions required the word "defendant" to be used in an uncommon sense in the removed state proceeding, which uncommon meaning conflicted with the federal removal statute.

Also entirely absent from plaintiffs' argument is any suggestion that, due to any Nevada procedural provision, they were required to use the term "defendant" in their civil action in an uncommon sense that conflicts with the federal removal statute. To the contrary, Western Progressive's proposition is "incongruous" because Nevada's procedural provisions do not give the term "defendant" (as that term is used in the plaintiffs' complaint) a meaning that conflicts with the federal removal statute. That plaintiffs, themselves, recognized Western Progressive's proposition was incongruous further demonstrates the frivolous nature of their argument that Western Progressive is the "plaintiff."

The plaintiffs' additional argument, that the amount in controversy does not exceed $75,000 is also without merit. At issue is not whether the plaintiffs have requested relief in excess of $75,000, but whether the allegations of their complaint establish that the amount in controversy exceeds $75,000. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.,* 281 F.3d 837, 841 (9th Cir. 2002). The plaintiffs seek, among other things, to enjoin Western Progressive's efforts to non-judicially foreclosure on the property securing a loan they executed. As alleged by the plaintiffs, the value of the loan was $312,000.00 when they executed the note and Deed of Trust securing the note in 2006. Further, as indicated by documents which plaintiffs attached to

4

their complaint, the value of that note exceeded $368,842.00 shortly before they filed their complaint. The Court finds that the amount in controversy exceeds $75,000.

The plaintiffs' motion for remand is denied.

Motion to Dismiss

Western Progressive's motion to dismiss, brought pursuant to Fed. R. Civ. P. 12(b)(6), challenges whether the plaintiff's complaint states "a claim upon which relief can be granted." In ruling upon this motion, the court is governed by the relaxed requirement of Rule 8(a)(2) that the complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." As summarized by the Supreme Court, a plaintiff must allege sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Nevertheless, while a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*, at 555 (citations omitted). In deciding whether the factual allegations state a claim, the court accepts those allegations as true, as "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Further, the court "construe[s] the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F3.d 895, 900 (9th Cir. 2007).

However, bare, conclusory allegations, including legal allegations couched as factual, are not entitled to be assumed to be true. *Twombly*, 550 U.S. at 555. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal* 556 U.S. ___, 129 S.Ct. 1937, 1949 (2009). "While legal conclusions can provide the framework of a complaint, they must be

supported by factual allegations." *Id.,* at 1950.  Thus, this court considers the conclusory statements in a complaint pursuant to their factual context.

To be plausible on its face, a claim must be more than merely possible or conceivable.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief."  *Id.*, (citing Fed. R. Civ. Proc. 8(a)(2)).  Rather, the factual allegations must push the claim "across the line from conceivable to plausible." *Twombly.* 550 U.S. at 570.  Thus, allegations that are consistent with a claim, but that are more likely explained by lawful behavior, do not plausibly establish a claim.  *Id.*, at 567.

### 1. Deceptive trade practices

The plaintiffs' first cause of action alleges violations of Nevada's Deceptive Trade Practices Act, N.R.S. chapter 598. Specifically, the plaintiffs assert that Western Progressive prepared and executed a false and ineffectual Notice of Default and Notice of Trustee's Sale and that Western Progressive does not have the authority to foreclose.  In its motion to dismiss, Western Progressive argues that the Deceptive Trade Practices Act is inapplicable in the context of obtaining a home loan secured by real property or the foreclosure thereof.

This district has consistently recognized that Nevada's Deceptive Trade Practices Act does not apply to real property transactions, but to the sale of goods and services. *See Reyna v. Wells Fargo Bank, N.A.*, No. 2:10–cv–01730–KJD (RJJ), 2011 WL 2690087, at *9 (D.Nev. July 11, 2011) ("N.R.S. § 598 ... applies only to goods and services and not to real estate loan transactions."); *see also Alexander v. Aurora Loan Services*, No. 2:09–cv–1790–KJD (LRL), 2010 WL 2773796, at *2 (D .Nev. July 8, 2010) ("Plaintiff's claim deals with the sale or lease of real property, not goods or services; therefore [N.R.S. § 598] does not provide an avenue of relief to [p]laintiff.").  Section § 598.0923(3) provides that "[a] person engages in a 'deceptive trade practice' when in the course of his or her business or

occupation he or she knowingly . . . [v]iolates a state or federal statute or regulation relating to the sale or lease of goods or services." N.R.S. § 598.0923(3)(2009), *see also Parker v. Greenpoint Mortgage Funding,* No. 3:11–cv–00039–ECR (RAM), at *2 (D.Nev. July 15, 2011) (N.R.S. § 598 "does not cover a mortgage foreclosure"). The allegations of plaintiffs' complaint establish that Western Progressive could not have violated §598.

                         2. Violation of N.R.S. chapter 107

The plaintiffs' second cause of action alleges violations of N.R.S. chapter 107. Specifically, the plaintiffs assert that Western Progressive failed to provide the plaintiffs with a copy of the note during the foreclosure process. Further, the plaintiffs allege that Western Progressive did not have authority to notice the trustee's sale and conduct a foreclosure sale because "the trustee was not acting on behalf of the holder of the Note or the holder's transferee." In its motion to dismiss, Western Progressive states that N.R.S. 107.080, in effect as of the date the foreclosure began in this case, did not require production of the note or proof of holder status to proceed with a trustee's sale. Further, Western Progressive asserts that it had the authority to foreclose on the note because Western Progressive was the designated agent on behalf of the nominated beneficiary MERS and assignee beneficiary HSBC to commence foreclosure.

Once again, the courts of this district have consistently ruled that the "case law within this district holds that the Nevada law governing nonjudicial foreclosure . . . does not require a lender to produce the original note as a prerequisite to nonjudicial foreclosure proceedings." *Byrd v. Meridian Foreclosure Service*, 2011 WL 1362135, at *2 (D.Nev.2011); *Weingartner v. Chase Home Finance, LLC*, 702 F.Supp.2d 1276, 1280 (D.Nev.2010); *see also Urbina v.. Homeview Lending, Inc.*, 681 F.Supp.2d 1254, 1258 (D.Nev.2009); *Kwok v. Recontrust Company, N.A.*, 2010 WL 4810704, at *4 (D.Nev.2010). The plaintiffs have not alleged facts raising a plausible inference that Western Progressive

did not substantially comply with Nevada's nonjudicial foreclosure process pursuant to N.R.S. chapter 107.

MERS has the authority to make assignments and substitutions. *See, e.g., Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1044 (9th Cir.2011); *In re Mortgage Electronic Registration Systems (MERS) Litigation,* 2011 WL 4550189 (MDL Oct. 3, 2011). Here, Western Progressive was the designated agent on behalf of the nominated beneficiary MERS and assignee beneficiary HSBC to commence foreclosure. Therefore, the plaintiffs' pleadings are not sufficient to establish that Western Progressive did not have authority to foreclose, and dismissal of the plaintiffs' second cause of action is appropriate. Additionally, Western Progressive's lis pendens is expunged pursuant to N.R.S. § 14.015.

3. Declaratory relief, injunctive relief, and attorneys' fees

A claim for declaratory relief is a remedy, not a cause of action. *See Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). The declaratory relief remedy derives from the substantive claims for relief. *Roberts v. McCarthy*, 2011 WL 1363811, at *4 (D.Nev.2011). Similarly, injunctive relief is a remedy, not an independent cause of action. *Alandia v. U.S. Bank*, 2009 WL 4611442, at *3 (D.Nev.2009). If the substantive claims fail, then the claims for declaratory and injunctive relief also fail.

As previously discussed in this order, the plaintiffs' substantive claims fail to state a claim upon which relief can be granted. Therefore, the plaintiffs' requests for declaratory and injunctive relief and attorneys' fees also fail.

Accordingly,

THE COURT **ORDERS** that plaintiffs Maria Carmina R. Arrastia and Roberto Poblete's motion to remand (Doc. # 9) is DENIED.

THE COURT FURTHER **ORDERS** that Defendant Western Progressive, LLC's motion to dismiss (Doc. # 6) is GRANTED.

THE COURT FURTHER **ORDERS** that Defendant Western Progressive, LLC's motion to expunge lis pendens (Doc. # 6) is GRANTED.  The Court **ORDERS** that the Clark County Recorder's Office shall forthwith expunge the Notice of Lis Pendens recorded on February 21, 2012, as Instrument No. 20120221-0001023.

DATED this \_\_17\_\_ day of August, 2012.

_____
Lloyd D. George
United States District Judge